JEPTHER RAYMOND *against* GARDINER G. HOWLAND.

When the correspondence of a party is produced, on a petition for a discovery, the whole must be read to the jury; it is not competent to the party, who has so procured it, to read detached parts.

SPECIAL action on the case, for a false representation of the character and credit of a firm in the West Indies.

The plaintiff, prior to the trial, presented his petition to a judge, pursuant to the revised statutes, praying that the correspondence between the defendant and the foreign house, might be brought into the office of the clerk of the court for his inspection, and to be used by him at the trial, &c.

The prayer of the petitioner having been granted, and the defendant having brought in, under his oath, the whole correspondence as required, the plaintiff offered to read selected parts only ; this was opposed by the defendant, who insisted that it was an entirety, and that the whole ought to be read.

EDWARDS, J.   These proceedings are in lieu of a bill in

equity for a discovery, and if a party, in such case, will use the answer, he must read the whole of it, if insisted on by the opposite party ; and that consequently, if insisted on, the whole correspondence must be read in this case. It was read accordingly, and the jury rendered a

Verdict for defendant.(1)

*Sedgwick* and *Duer*, for plaintiff.

*Kane*, *Staples* and *Anthon*, for defendant.

(1) This case was reviewed by the supreme court in July term, 1837, and the judgment at *Nisi Prius* sustained.

Nelson, C. J., in pronouncing the opinion of the whole court, said: "It would be obviously unjust, if the party, who has procured the correspondence of his adversary with a view to draw from him favorable admissions or evidence, should be permitted to select, at pleasure, such portions of it as might alone be turned to his account, to the exclusion of the residue, and thereby preclude all possibility of explanation. Insulated letters, out of a series, must necessarily afford an erroneous and partial view of the mind and conduct of the writer; and to tolerate a selection of them for evidence, after an opportunity for inspection, would operate almost as injuriously to the rights of the party as if his adversary were allowed to control the proof he should give on the trial.

In effect, admissions are sought for by the introduction of this correspondence, and, the whole called for, should be heard in analogy to the rule, that the whole of an admission or conversation must be taken together. *Raymond* v. *Howland*, 17 Wend. 392.